### Ebenezer G. Dole *vs.* Emeline Johnson & others.

A will, after bequests of two small legacies, contained the following clauses: *Third.* I give and devise to my beloved wife, A. B., all my real and personal estate, together with any and all estate, right or interest which I may acquire after the date of this will, as long as she shall remain unmarried and my widow. *Fourth.* I give and bequeath to my beloved wife, A. B., all my household furniture, wearing apparel, and all the rest and residue of my personal property." The testator died childless. *Held,* that she is entitled to take absolutely the furniture, wearing apparel, and other personal property of the same kind, and the income, but not the principal, of the productive personal estate during her widowhood.

Hoar, J. This bill, filed by an executor, asks the direction of the court in relation to the execution of the will of Joseph Johnson. The testator left a widow, but no issue. His estate was appraised at the sum of $28,037.55 ; of which $4700 was real estate, and $23,337.55 personal estate. His debts do not exceed the sum of $4,500. The will is in the handwriting of the testator ; and after giving a legacy of one share of bank stock to each of two persons named, contains the following clauses :

" Third. I give and devise to my beloved wife, Emeline Johnson, all my real and personal estate, together with any and all estate, right or interest which I may acquire after the date of this will, as long as she shall remain unmarried and my widow.

" Fourth. I give and bequeath to my beloved wife, Emeline Johnson, all my household furniture, wearing apparel, and all the rest and residue of my personal property."

The parties defendant are the widow, who claims the whole of the personal estate after the payment of the debts, charges of administration, and of the specific legacies, as given to her absolutely; and the brothers and sister of the testator, his next of kin, who contend that the meaning of the word " property " in the fourth clause should be so restricted as to apply only to kinds and descriptions of chattels similar to those specifically enumerated in the same connection.

It is not easy to determine with certainty what was the intention of the testator. The words " rest and residue of my personal property " are undoubtedly sufficient in themselves to effect a complete disposition of the personal estate, and are such as are usually chosen for that purpose; and to give them that operation has the consequence of so far preventing intestacy, which is an object generally to be sought in the construction of a will. But there are some important considerations which lead to a different conclusion, and which in our judgment are decisive.

The will does not anywhere profess to dispose of the whole estate of the testator; and as to the remainder of his real estate, after the estate for life or widowhood devised to his wife, no disposition is made of it. It is certain therefore that, to some extent, it was his intention to die intestate.

In the next place, if its full, comprehensive meaning is given to the word " property " in the fourth clause, the bequest of " personal estate " in the third clause is wholly nugatory and superfluous. It gives a life estate in the same thing which is immediately after given to the same person absolutely. The enumeration of the specific kinds of personal property in the fourth clause, " household furniture " and " wearing apparel," would also be unnecessary, as the phrase " all the rest and

31 *

residue of my personal property" would have included them, without specification.

Again; it is noticeable that, in the third clause, the phrase used is "personal estate," and in the fourth, "personal property;" to which the testator may have attached a different meaning. It was held in *Pippin* v. *Ellison*, 12 Ired. L. 61, that the word "property" does not include choses in action, while the word "estate" would include them; a proposition very questionable as a statement of an abstract rule of law, but yet serviceable as an illustration of the possible apprehension of the import of the terms.

And considering that the things named in the fourth clause are chattels of strictly personal use, which could not be well transmitted, unimpaired in value, to successive owners, the case seems to us to be one for the application of the rule *noscitur a sociis;* and we think the meaning of the whole will is made most consistent by restricting the word "property" to chattels *ejusdem generis* with those enumerated. By this construction, the widow will take absolutely the household furniture, wearing apparel, and other chattels in and about the house of the testator, adapted to personal use and convenience — such as books, pictures, provisions, watches, plate, carriages, domestic animals and the like; but not including money, stocks, securities or evidences of debt. The latter are more properly the subjects of investment, and productive of income, and were therefore included under the name of "estate;" while the former, which are articles of visible, tangible quality, and appropriated to personal use and consumption, without reference to productiveness, would be embraced with furniture and apparel under the name of "personal property."

Although no case has been cited very nearly resembling the one at bar, yet the principle of construction is a familiar one. Thus the word "estate" is generally sufficient to pass land; but where a testator made a will in which personal property only was mentioned, and there remained some not specifically bequeathed, and there were no words showing an intention to devise all his estate, it was held that a clause giving and

bequeathing to B. "all the residue of his furniture and estate whatever and wherever it was," did not give the real estate as against the heirs. *Bullard* v. *Goffe*, 20 Pick. 252. Numerous authorities are there cited in support of the decision. So in *Ingell* v. *Nooney*, 2 Pick. 362, a similar principle was applied to the construction of a deed.

In *Rawling* v. *Jennings*, 13 Ves. 39, the words "all my household furniture and effects, of what nature or kind soever that I may be possessed of at the time of my decease," were restricted to articles *ejusdem generis* with the furniture specified.

The cases of *Crichton* v. *Symes*, 3 Atk. 61; *Trafford* v. *Berrige*, 1 Eq. Cas. Ab. 201; *Timewell* v. *Perkins*, 2 Atk. 103; *Cook* v. *Oakley*, 1 P. W. 302; *Porter* v. *Tournay*, 3 Ves. 311; *Hotham* v. *Sutton*, 15 Ves. 319, are all cases which support the doctrine that where bequests are made by words of enumeration, which are followed in the same clause by collective words, or words of general description, the latter may be confined to matters *ejusdem generis*. And although the rule is unquestionably a sound one, that words of comprehensive import in a bequest should receive their full extent of operation, unless some very distinct ground can be derived from the context for regarding them as employed in a special and restricted sense; yet where, as in the case at bar, the limited construction will render every part of the will effective, consistent and sensible, there is ample authority for adopting it.

Having ascertained the extent of the bequest under the fourth clause of the will, the widow is in addition entitled to the income of the rest of the personal estate, under the third clause, during her widowhood; and the executor is a trustee by implication to hold and manage the principal so long as her right to receive the income continues. The remainder of this principal, expectant upon the determination of her interest for life or widowhood, is not disposed of by the will, and vested at the death of the testator, as intestate estate, in the persons entitled under the statute of distributions; and, if there were no children, one half vested in the widow. *Kempton, appellant,* 23

Pick. 163. *Nickerson* v. *Bowly*, 8 Met. 424. The share she is thus entitled to does not vest in her by virtue of the will, and the probate court is to settle who are entitled to distribution. But her share being there determined, her right to the income of that part would merge in her title to the principal, and the executor might rightfully pay to her that proportion, and discharge himself of his trust to that extent, retaining as trustee only so much of the capital as vests in the other distributees.

*H. W. Paine & C. Kimball,* for the widow. The fourth clause in the will controls the third. 1 Jarman on Wills, 411, 412, *& notes.* 2 Roper on Leg. (2d Amer. ed.) 1460–2. *Shaw* v. *Hussey*, 41 Maine, 495. *Crocker* v. *Crocker*, 11 Pick. 256. *Jarvis* v. *Buttrick*, 1 Met. 480. Such a construction should be given as to prevent intestacy. *Morrall* v. *Sutton*, 1 Phillips R. 537. The words of a testator, favorable to the claims of a legatee, are to be construed liberally; and the bounty ought to be extended as far at least as the express words of the bequest necessarily carry it; especially when in favor of a wife. *Parsons* v. *Winslow*, 6 Mass. 169. *Kempton, appellant,* 23 Pick. 163. *Nickerson* v. *Bowly,* 8 Met. 424. *White* v. *White*, 21 Verm. 250. *Shaw* v. *Hussey*, 41 Maine, 495.

*C. Cushing & E. F. Stone,* for the heirs at law, cited *Pippin* v. *Ellison*, 12 Ired. L. 61; *Hotham* v. *Sutton*, 15 Ves. 319; *Samphier* v. *Despard*, 2 Dru. & War. 59; *Attorney General* v. *Wilshere*, 11 Jur. 792; *Sutton* v. *Sharp*, 1 Russ. 146; *Roberts* v. *Kuffin*, 2 Atk. 112.